IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:16-cr-160 |
| | : | Civil No. 1:19-cv-1554 |
| v. | : | |
| | : | Hon. John E. Jones III |
| HASSAN WARD, | : | |

**MEMORANDUM**

**January 26, 2021**

Before the Court is Defendant Hassan Ward's ("Defendant" or "Ward") Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (the Motion"). (Doc. 69). The Motion has been fully briefed by the parties (Docs. 72-75) and is therefore ripe for our review. For the reasons that follow, the Motion shall be denied and no certificate of appealability shall issue.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 24, 2017 Defendant Hassan Ward ("Defendant" or "Ward") pled guilty, pursuant to a plea agreement, to a one-count Indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Pursuant to his criminal record, Ward was designated as an armed career criminal under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). As a result, Ward was subject to a mandatory minimum fifteen (15) year sentence. After a presentence investigation, Ward's sentencing guideline range was set at 180-188

months' imprisonment. On December 15, 2017, we sentenced Ward to the mandatory minimum fifteen (15) year term of imprisonment, to be followed by a 5 year term of supervised release. (Doc. 60.) The Third Circuit Court of Appeals affirmed Ward's sentence on November 2, 2018. Within its opinion, the Third Circuit specifically held that Ward appropriately qualified as an armed career criminal under ACCA. (Docs. 67 and 68).

Within the instant §2255 Motion, Ward raises several grounds for relief. Specifically Ward alleges that (1) the Court's imposition of supervised release was unconstitutional; (2) that he was improperly sentenced under ACCA and in violation of the ex post facto clause; and (3) that his counsel was ineffective. For the reasons that follow, all of Ward's grounds for relief lack merit, and his §2255 Motion shall be denied.

## II. LEGAL STANDARDS

Title 28, United States Code, Section 2255 permits federal prisoners the ability to attack the validity of their convictions and sentences, but generally is limited to curing errors that were jurisdictional, rose to the level of a constitutional violation, resulted in a "complete miscarriage of justice," or led to proceedings that were "inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783-84 (1979) (citations omitted). *See also United*

*States v. Addonizio*, 442 U.S. 178, 185-86 (1979); *United States v. Essig*, 10 F.3d 968, 977 n.25 (3d Cir. 1993).

**A. Hearing on Motion**

"Generally, if a prisoner's ' 2255 [motion] raises an issue of material fact, the district court must hold a hearing to determine the truth of the allegations." *Essig*, 10 F.3d at 976 (citations omitted). A defendant is not entitled to a hearing, however, if his allegations are contradicted by the record or if they are patently frivolous. *Solis v. United States*, 252 F.3d 289, 295 (3d Cir. 2001) (citations omitted). Similarly, the district court is not required to hold a hearing if the motion, files, and records of the case conclusively show that the movant is not entitled to relief. 28 U.S.C. ' 2255; Rule 4(b) of the Rules Governing ' 2255 Proceedings for the United States District Courts; *Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989). The Court has reviewed the submissions in this matter and it is our considered view that a hearing is not warranted here.

**B. Ineffective Assistance of Counsel**

Since one of Ward's claims sounds in ineffective assistance of counsel, we shall set forth herein the well-established standard for such a claim under 28 U.S.C. § 2255. In order to successfully demonstrate ineffective assistance of counsel, a petitioner must establish that (1) the performance of counsel fell below an objective

standard of reasonableness; and (2) the errors of counsel prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-92, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The first prong of the *Strickland* test requires the defendant show that counsel's performance was actually deficient. *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001). A court "deciding an actual ineffectiveness claim must judge the reasonableness of the counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. Counsel's conduct presumptively "falls within the wide range of reasonable professional assistance," and the defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689-90 (quoting *Michel v. Louisiana*, 350 U.S. 91, 93, 76 S. Ct. 158, 100 L. Ed. 83 (1955)).

The Supreme Court has cautioned against allowing defendants to "second-guess" every decision made by their representative. *Strickland*, 466 U.S. at 689. Every effort must "be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689. There is a "strong presumption" that the actions of defense counsel were reasonable, and the burden rests with the defendant to overcome this high bar. *Id.* at 689. Furthermore, it is

imperative that post-trial or post-plea inquiries not lead to an endless cycle of litigation, where the accused can challenge the result until he finds the one most favorable. *See id.* at 689–90.

The duty of defense counsel to investigate does not entitle a defendant to an exhaustive inquiry. *See Stevens v. Delaware Correctional Center*, 295 F.3d 361, 372–73 (3d Cir. 2002). The lawyer should follow leads when there is a strong possibility of finding exculpatory or mitigating evidence, but the scope of the inquiry will be limited by the information provided by the defendant and what is reasonably available. *Id.* at 373. Sometimes an investigation will not even prove necessary. *Strickland*, 466 U.S. at 691 (holding that counsel must either make reasonable investigations or "make a reasonable decision that makes particular investigations unnecessary").

The second prong of the *Strickland* test requires the defendant show that the deficient performance so prejudiced the defense as to raise doubt as to the accuracy of the outcome of the trial or sentence. *Strickland*, 466 U.S. at 693-94. Additionally, it "is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693; *Harrington v. Richet*, 562 U.S. 86, 111 (2011) (emphasizing recently that the "likelihood of a different result must be substantial, not just conceivable"). The petitioner must

demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Jermyn*, 266 F.3d at 282 (quoting *Strickland*, 466 U.S. at 693). A simple error, if it had no effect on the judgment, does not necessitate setting aside the judgment. *Strickland*, 466 U.S. at 691.

## III. DISCUSSION

### A. Imposition of Supervised Release

In his first ground for relief, Ward submits that our imposition of a 5-year term of supervised release to follow his sentence of imprisonment is unconstitutional and violates the Double Jeopardy Clause. (Doc. 69, p. 5). Ward's position is legally inaccurate and untenable.

The Double Jeopardy Clause's protection against multiple punishments "is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." *Ohio v. Johnson*, 467 U.S. 493, 499 (1984). Thus, "[b]ecause the substantive power to prescribe crimes and determine punishments is vested with the legislature, the question under the Double Jeopardy Clause whether punishments are multiple is essentially one of legislative intent." *Id.* To be sure, Congress has expressly authorized federal sentencing courts to impose a term of supervised release as a part of the sentence for a felony or misdemeanor where a

term of imprisonment is imposed. *See* 18 U.S.C. § 3583(a). Accordingly, Ward has not been subjected to multiple punishments, nor did the district court "manufacture jurisdiction" in violation of the Double Jeopardy Clause. *United States v. Lee*, 84 F. Supp. 3d 7, 10 (D.D.C. 2015) (citing *Clayton v. Martinez,* 2006 WL 858977, at *1–2 (D.S.D. Mar. 31, 2006) (rejecting Double Jeopardy challenge to imposition of term of supervised release to follow term of imprisonment)).

Accordingly, this ground for relief shall be denied.

**B. Armed Career Criminal Designation**

In this second ground for relief, Ward continues to argue that he was improperly designated as an armed career criminal under ACCA. However "[i]t has been held by the Court of Appeals for the Third Circuit that a section 2255 motion generally 'may not [be] employed to relitigate questions which were raised and considered on direct appeal.'" *Ciocan v. United States*, 2010 U.S. Dist. LEXIS 26252, 2010 WL 1068228, at *3 n.2 (W.D. Pa. Mar. 18, 2010) (quoting *United States v. DeRewal,* 10 F.3d 100, 105 (3d Cir. 1993); see also *White v. United States*, 371 F.3d 900, 901-03 (7th Cir. 2004) (holding that a §2255 petitioner is not permitted to "relitigate in a collateral proceeding an issue that was decided on his direct appeal"). Similarly, the doctrines of collateral estoppel and res judicata generally preclude any party from relitigating issues or claims that have been

adjudicated by a court of competent jurisdiction. *See Montana v. United States*, 440 U.S. 147, 153-54, (1979).

Accordingly, Ward is estopped from further litigating his claim that ACCA does not apply since this precise issue has been considered decided against Ward by the Third Circuit on Ward's direct appeal. This ground for relief shall be denied.

**C. *Ex Post Facto* Clause**

Ward also obliquely argues that his sentence violates the *ex post facto* clause of the United States Constitution. (Doc. 69-1, pp. 24-25). Section 2255 permits Defendant to request a sentence be vacated, set aside or corrected if the sentence was "in excess of the maximum authorized by law."

The Supreme Court of the United States has explained that the *ex post facto* clause prohibits any law "that made an act done before the passing of the law, and which was innocent when done, criminal; or which aggravated a crime, and made it greater than it was when committed; or which changed the punishment, and inflicted a greater punishment than the law annexed to the crime when committed; or which alters the legal rules of evidence, and required less or different testimony than the law required at the time of the commission of the offense, in order to convict the offender." *Carmell v. Texas*, 529 U.S. 513, 524-25, 120 S. Ct. 1620, 146 L. Ed. 2d 577 (2000) (internal quotations omitted).

The *ex post facto* clause of the Constitution was not violated here. ACCA was passed into law in 1984, and in 1986 it was amended to allow for certain drug offenses to be considered qualifying predicate convictions. The conduct underlying Ward's conviction occurred in 2016, thus the enhanced penalties of ACCA had been in existence for two decades when Ward was sentenced. Thus, there was no *ex post facto* violation here.

Further, there can be no argument by Ward that he is being subjected to an illegal sentence. To review, we found Ward qualified as an armed career criminal, resulting in a statutory mandatory minimum sentence of 15 years and a maximum of life imprisonment. All parties agreed at sentencing that Ward's sentencing guideline range was 180-188 months imprisonment, and he was subsequently sentenced to 180 months imprisonment. (Doc. 72, Ex. B, Sentencing Transcript, 3:6-14.) Inasmuch as Ward was not sentenced in excess of the maximum life sentence allowed by law, his sentence cannot be considered illegal in any sense.

Accordingly, this ground for relief shall be denied.

**D. Ineffective Assistance of Counsel Claims**

In this ground for relief, Ward alleges his counsel was ineffective for a suite of reasons, including her failure to raise issues regarding the imposition of supervised release, his status as an ACC on appeal, for failing to file motion to dismiss the

indictment, a motion to suppress evidence, and for failure to investigate, prepare a defense, or know the elements of the crime. (Doc. 69-1 at 32).

At the outset, we note that defense counsel did file a motion to suppress evidence which was ultimately decided against Ward. Further, and as discussed *supra*, Ward's status under ACCA was raised by defense counsel in the presentence phase as well as on appeal. Thus, there is no basis for Ward to assert these grounds on the instant Motion. Also, and as previously explained, Ward's alleged basis for contesting the imposition of supervised release on double jeopardy grounds is legally frivolous, thus it follows that his counsel was not ineffective for failing to raise it during his prosecution.

Likewise, the remaining bases for Ward's ineffective assistance of counsel claims (i.e. failing to file motion to dismiss the indictment, for failure to investigate, prepare a defense, or know the elements of the crime) fail. Ward voluntarily pleaded guilty. At the guilty plea hearing, he indicated he was satisfied with his counsel's representation, that counsel had explained his defenses to him, had thoroughly reviewed the plea agreement in its entirety with counsel, understood all the consequences of entering a guilty plea, and indicated that he was, in fact, guilty. (Doc. 72, Ex. A, Plea Transcript.). *Strickland* requires that Ward show "a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." 466 U.S. at 694. Ward has clearly failed to meet his burden in this case as there is nothing in the record that raises even an indicia of unprofessional errors by defense counsel. Rather, the record reflects that defense counsel, who is known to the Court as an able and seasoned attorney, put on a zealous defense of the Defendant by filing a motion to suppress evidence and objecting to his status under ACCA at the presentence phase. That counsel did not succeed in her efforts on Ward's behalf does not mean that she was ineffective. Moreover, Ward, who is decidedly an armed career criminal under ACCA, was sentenced to the mandatory minimum sentence of 180 months, which was also the bottom of the sentencing guideline range of 180 to 188 months. Thus, Ward was sentenced by this Court to the lowest available prison term, demonstrating that he was not prejudiced by counsel's conduct.

For all of the aforestated reasons, Ward's claims of ineffective assistance of counsel shall be denied.

### E. Certificate of Appealability

Based on the foregoing analysis, we do not find that Ward has made a substantial showing of the denial of a constitutional right, and as such, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2).

## IV. CONCLUSION

Ward's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. 69) shall be denied for all of the reasons set forth in this Memorandum. An appropriate Order shall issue.